THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BRANDON EDWARDS, Defendant-Appellant.

Fourth District   No. 17558

Opinion filed June 3, 1982.

Daniel D. Yuhas and Gary R. Peterson, both of State Appellate Defender's Office, of Springfield, for appellant.

Michael M. McFatridge, State's Attorney, of Paris, for the People.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

After a trial by jury in the circuit court of Edgar County, defendant, Brandon Edwards, was convicted on June 2, 1981, of the offenses of attempt murder and conspiracy to commit murder. He was subsequently given a single indeterminate sentence of 5 to 35 years' imprisonment. He appeals asserting: (1) The attempt murder charge was barred by the statute of limitations (Ill. Rev. Stat. 1979, ch. 38, par. 3—5(b)); (2) the trial judge's refusal to recuse himself from hearing defendant's motion for substitution of judge voided further proceedings; (3) the denial of the foregoing motion was error; (4) the giving of an instruction with reference to a confession was plain error; (5) the conspiracy to commit murder charge was erroneous and void; (6) defendant's guilt of the foregoing charge was not proved beyond a reasonable doubt; (7) the sentence was an abuse of discretion; and (8) the conspiracy offense was an included offense of attempt murder.

Defendant testified at trial admitting the participation in the shooting of the victim, Glenn Nicholson, but stating that he did not intend to kill Nicholson. He further testified that in the spring of 1977, when he was 18 years old, he was recruited by Dorothy Stuck, with whom he was in love and whom he later married, and Greg Lange to kill Nicholson. Defendant related the following sequence of events to have occurred June 15, 1977: (1) Stuck drove him to the Nicholson residence; (2) he took a shotgun from the trunk of the car and aimed it at Nicholson who was in the house and visible through a window; (3) he aimed at Nicholson but as he pulled the trigger he "swiveled" the gun intending to hit a dresser that would stop the shots; (4) he fired because he was afraid of Lange and in love with Stuck; and (5) he hoped to satisfy Lange by firing the gun and still not kill Nicholson.

The information charging attempt murder was filed January 9, 1981. As the alleged offense occurred on June 15, 1977, more than 3½ years earlier, the charge was obviously barred by the three-year limitation period of section 3—5(b) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 3—5(b)) unless a sufficient portion of that period was tolled by the provisions of section 3—7(a) of the Code (Ill. Rev. Stat. 1977, ch. 38, par. 3—7(a)). Section 3—7(a) provides that the period of limitations does not include time in which "[t]he defendant is not usually and publicly resident within this State."

■■ In support of defendant's motion to dismiss the attempt murder charge on the theory that it was barred because it was not brought timely, the following undisputed facts were shown: (1) Defendant and Stuck left the State of Illinois shortly after the date of the alleged offense and were married in South Carolina; (2) they returned to Illinois less than four

weeks later; (3) thereafter, defendant lived and worked in Edgar County Illinois until October 1979 when he joined the United States Navy and left the State; (4) he continually served in the navy since his enlistment and was stationed in California and Connecticut; (5) he was granted leave twice and on both occasions returned to Edgar County; and (6) he filed Illinois tax returns in 1979 and 1980 and had an Illinois driver's license. Defendant asserted it was always his intention to return to Edgar County community after serving in the armed forces.

Relying upon the precedent of *People v. Carman* (1943), 385 Ill. 23, 52 N.E.2d 197, the trial court denied the motion to dismiss. The State cites *Carman* in support of its position that the charges against defendant were not barred because the statute of limitations was tolled while defendant was absent from the State of Illinois. In *Carman*, that defendant's legal residence was in Chicago, Illinois. While visiting his father in Kentucky he was extradited to the State of Missouri where he was convicted of armed robbery and imprisoned for more than 2½ years. Subsequently, an indictment charging him with another armed robbery was returned in Illinois more than three years after the commission of the offense. The robbery in Illinois was alleged to have been committed shortly before defendant's arrest in Kentucky. That defendant claimed that the statute of limitations barred his prosecution. He claimed that the statute of limitations was not tolled during his involuntary absence from the State of Illinois and at no time did his residence change from Chicago, Illinois.

At the time of *Carman*, the statute also provided that the time for bringing criminal charges was tolled while the accused was not "usually and publicly resident within the State." (Ill. Rev. Stat. 1941, ch. 38, par. 632.) The *Carman* court stated that continued legal residency was not sufficient to keep the limitation period running. Rather, the court deemed the test to be whether the accused continued to use a place of inhabitance within the State and to do so in an open and notorious way. Obviously, one confined in a penal institution elsewhere could not do so.

Some courts in other jurisdictions have held that the statute of limitations for crime is not tolled when an accused is out of the State while serving in the military. (*State v. Fowler* (1963), 56 Del. 519, 194 A.2d 558; *People v. Guariglia* (1947), 272 App. Div. 784, 69 N.Y.S.2d 759; *Commonwealth v. Shimpeno* (1946), 160 Pa. Super. 104, 50 A.2d 39.) On the other hand, in *State v. Wyman* (1967), 198 Kan. 666, 426 P.2d 26, the question of whether service in the armed forces outside the State tolled the running of the limitation period was held to be a question of fact. We consider the reasoning in *Carman* to be just as applicable to an accused whose absence from the State resulted from military service as it is applicable to one whose absence results from incarceration.

Although the defendant returned to Edgar County twice on leaves during his tour of service, it was not his usual place of inhabitance. Although he filed State income tax returns in Illinois during this period and maintained an Illinois driver's license, these factors did not give the open and notorious quality to his relationship to the State that his usual presence here would have given. We determine the situation here to be analogous to that in *Carman* and the precedent of that case to be binding on us here. The trial court properly denied the defense motion to dismiss based upon the statutory period of limitations.

■■ Judge Ralph Pearman, who later tried the case, heard the foregoing motion to dismiss and entered his order denying the motion on March 3, 1981. On March 11, 1981, defendant filed a general motion for substitution of Judge Pearman from the case. The motion was intended to cover both the provisions of section 114—5(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 114—5(a)) concerning substitution as a matter of right and section 114—5(c) of that Code (Ill. Rev. Stat. 1979, ch. 38, par. 114—5(c)) concerning substitution for cause. Judge Pearman heard arguments on the portion of the motion directed to section 114—5(a). He denied the substitution on the basis that the motion was untimely because it was made after his ruling on the motion to dismiss which he deemed to be a ruling of substance. The request under section 114—5(c) was assigned to another judge who later heard and denied the request.

Section 114—5(a) states in part: "Upon the filing of such a motion the court shall proceed no further in the cause but shall transfer it to another judge not named in the motion." Defendant maintains that because Judge Pearman heard arguments with reference to these aspects of the motion, any subsequent ruling by him was void. In *People v. Speck* (1968), 41 Ill. 2d 177, 242 N.E.2d 208, after the case had been assigned to Judge Herbert C. Paschen for trial, the defendant made a motion for substitution of judge under section 114—5(a). Judge Paschen heard the motion and denied it on grounds that such a motion has always been held to be untimely when made after the judge to be disqualified has ruled on a matter of substance. On review in the supreme court the action of the trial judge was held to have been proper. Judge Pearman determined that his order on the motion to dismiss was a ruling of substance. We have previously held that a ruling on a motion to dismiss is a ruling on a motion of substance. *People v. Evans* (1979), 75 Ill. App. 3d 949, 394 N.E.2d 710.

Defendant argues that the statement in section 114—5(a) that upon the filing of the motion, "the court shall proceed no further" makes void any subsequent ruling by the judge against whom the motion was directed. No case is cited which so held when the respondent judge prop-

erly denied the motion. The precedent of *Speck* is to the contrary. The quoted language appears to be written in contemplation of the usual situation where the right to the substitution is automatic. The language is in contrast to that of section 114—5(c), which contains a direct statement that the judge against whom the motion is made shall not hear the motion. Because of our conclusion that the precedent of *Speck* supports our ruling here, we need not consider whether the failure to follow statutory procedure by a judge of the circuit court, a court of plenary jurisdiction, could render the order of the judge void. See *In re T.E.* (1981), 85 Ill. 2d 326, 423 N.E.2d 910.

Citing *People v. Ehrler* (1969), 114 Ill. App. 2d 171, 252 N.E.2d 227, defendant maintains that the prior ruling by Judge Pearman was merely a procedural ruling and not a substantive one. In *Ehrler*, the prior ruling was as to the defendant's competency to stand trial. Here, had the court granted defendant's requested relief and had the ruling been upheld, further prosecution of defendant would have been barred.

Judge Pearman acted with jurisdiction and ruled properly.

Defendant raises for the first time on appeal the trial court's instruction to the jury of Illinois Pattern Instruction, Criminal, No. 3.07 (1968), which stated,

> "You have before you evidence that the defendant confessed that he committed the crime charged in the information. It is for you to determine what weight should be given to the confession. In determining the weight to be given to a confession, you should consider all the circumstances under which it was made."

When the instruction was offered, defense counsel stated he had no objection and the giving of the instruction was not cited as error in the post-trial motion. Defendant maintains the giving of the instruction was plain error because no statement of defendant admitted he shot at the victim with the mental state of an intent to kill required for attempt murder. *People v. Harris* (1978), 72 Ill. 2d 16, 377 N.E.2d 28.

■■■ The instruction was based on evidence that defendant had given a pretrial statement to law enforcement officers. It set forth that after discussion with Stuck and Lange about killing Nicholson and Stuck explaining to him things Lange might do if defendant did not kill Nicholson, he and Stuck drove to Nicholson's house where defendant took a shotgun, aimed it at Nicholson and fired. The statement contained no direct admission by defendant that he intended to kill Nicholson, but it did not contain defendant's explanation, given at trial, that he attempted to avoid killing Nicholson. A statement constitutes a confession if it contains an admission of facts which necessarily or directly imply all of the necessary elements of the offense in issue. (*People v. Mireles* (1979), 79 Ill. App. 3d

173, 199, 398 N.E.2d 150, 169.) The intent to kill was clearly implied by the statement defendant gave to the officers. The giving of the instruction was proper.

■■ The count charging defendant with conspiracy to murder alleged that the offense occurred on or about October of 1979. The prosecution proved no acts occurring after the incident of June 15, 1977, which could have been in furtherance of any such conspiracy. Because of this discrepancy between pleading and proof, defendant claims the information insufficient and void. Defendant maintained at trial that the charge was barred by the statute of limitations but did not claim that the charge was otherwise faulty. Insufficiency in the charge can be raised for the first time on appeal only if the charge fails (1) to allow the defendant to prepare a defense, or (2) to form a sufficient basis for a plea of double jeopardy if the defendant were charged again with the same offense. (*People v. Gilmore* (1976), 63 Ill. 2d 23, 344 N.E.2d 456; *People v. Pujoue* (1975), 61 Ill. 2d 335, 335 N.E.2d 437.) The charge was sufficient on its face to do this. No case has been called to our attention holding that the sufficiency of a charge can be challenged for the first time on appeal merely because of a variance between allegation and proof. In any event, if defendant were again charged with an offense arising out of the conduct occurring on June 15, 1977, a plea of double jeopardy could be supported by the record in this case. (See *People v. Nickson* (1978), 58 Ill. App. 3d 470, 374 N.E.2d 804.) The conspiracy charge was sufficient to defeat the attack now made by defendant.

■■ Defendant cannot now challenge the sufficiency of the evidence to support his conviction on the conspiracy count because he did not raise the issue in his post-trial motion. *People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.

■■ Defendant is not correct in his argument that conspiracy to commit murder is an included offense of attempt murder. The former offense requires the element of an agreement which is not a necessary element of attempt murder. Thus, it cannot be an included offense. *People v. Foust* (1980), 82 Ill. App. 3d 516, 401 N.E.2d 1329.

In imposing sentence, the trial court stated that defendant had shown a great deal of rehabilitation and would be unlikely to again respond to similar pressures placed on him by committing a similar offense. Nevertheless, the court stated it felt that placing defendant on probation would have an adverse effect on the community. Section 5—6—1(a)(2) of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—1(a)(2)) states that belief by the court that probation would deprecate the seriousness of an offender's conduct is a justifiable reason for denying probation. We deem any statement to the contrary in *People v. Knowles* (1979), 70 Ill. App. 3d 30, 388 N.E.2d 261, to have been overruled by *People v. Cox*

(1980), 82 Ill. 2d 268, 412 N.E.2d 541. We conclude that the sentence imposed here meets the requirements of *Cox.*
We affirm both convictions and the single sentence imposed.

Affirmed.

MILLS and LONDRIGAN, JJ., concur.