# STATE of Wisconsin, Plaintiff-Appellant,

## v.

# Mort SHER, Defendant-Respondent.

Supreme Court

*No. 87–1568–CR. Argued November 3, 1988.—Decided April 4, 1989.*

(Also reported in 437 N.W.2d 878.)

For the plaintiff-appellant the cause was argued by *Paul Lundsten,* assistant attorney general, with whom on the briefs was *Donald J. Hanaway,* attorney general.

For the defendant-respondent there was a brief by *Michael J. Fitzgerald, Martin I. Hanson,* and *Hanson, Gasiorkiewicz & Becker, S.C.,* Racine, and oral argument by *Mr. Fitzgerald.*

DAY, J. This court accepted this appeal on certification by the court of appeals pursuant to sec. 809.61, Stats. 1987–88. The State appealed an order by the circuit court for Kenosha county, Honorable David M. Bastian, judge, that dismissed a criminal complaint on the grounds that the six year Statute of Limitations was not tolled during the time the defendant was "publicly a resident" of Florida. The circuit court held that the Statute of Limitations, sec. 939.74(1), Stats.,[1]

---

[1]Section 939.74(1), Stats. 1977 provides:

**939.74 Time limitations on prosecutions. (1)** Except as provided in sub. (2), prosecution for a felony must be commenced within 6 years and prosecution for a misdemeanor or for adultery within 3 years after the commission thereof. Within the meaning of this section, a prosecution has commenced when a warrant or summons is issued, an indictment if found, or an information is filed.

4

had run and therefore the State of Wisconsin (State) could not prosecute the defendant, Mort Sher (Sher) for alleged violations of secs. 943.20(1)(d) and (3)(c), Stats.,[2] (theft by fraud), and sec. 939.05, Stats.,[3] (party to a

---

.All references in this opinion are to the 1977 Statutes unless otherwise indicated.

[2]Section 943.20(1)(d), Stats., provides:

**943.20 Theft. (1)** Acts. Whoever does any of the following may be penalized as provided in sub. (3): ... (d) Obtains title to property of another by intentionally deceiving him with a false representation which is known to be false, made with intent to defraud, and which does defraud the person to whom it is made. "False representation" includes a promise made with intent not to perform it if it is a part of a false and fraudulent scheme.

Section 943.20(3)(c), Stats., provides:

**943.20(3)** Penalties. Whoever violates this section: ... (c) If the value of the property exceeds $2,500, is guilty of a Class C felony.

[3]Section 939.05, Stats., provides:

**939.05 Parties to crime. (1)** Whoever is concerned in the commission of a crime is a principal and may be charged with and convicted of the commission of the crime although he did not directly commit it and although the person who directly committed it has not been convicted or has been convicted of some other degree of the crime or of some other crime based on the same act.

**(2)** A person is concerned in the commission of the crime if he:

**(a)** Directly commits the crime; or

**(b)** Intentionally aids and abets the commission of it; or

**(c)** Is a party to a conspiracy with another to commit it or advises, hires, counsels or otherwise procures another to commit it. Such a party is also concerned in the commission of any other crime which is committed in pursuance of the intended crime and which under the circumstances is a natural and probable consequence of the intended crime. This paragraph does not apply to a person who voluntarily changes his mind and no longer desires that the crime be committed and notifies the other parties concerned of his withdrawal within a reasonable time before the commission of the crime so as to allow the others also to withdraw.

5

crime). The criminal complaint was dismissed. The State appealed. The State had argued that the running of the Statute of Limitations had been tolled pursuant to sec. 939.74(3), Stats.,[4] on the theory that Sher was not publicly a resident of the state of Wisconsin for a period of years between the alleged offense and the filing of the criminal complaint.

Three issues are presented in this case. First: Does a literal interpretation of sec. 939.74(3), Stats., create an "absurd" result as held by the circuit court? We conclude it does not. Second: Does the tolling provision of sec. 939.74(3) applied to a public nonresident of Wisconsin violate the Privileges and Immunities Clause of Article IV, sec. 2, clause 1[5] of the United States Constitution. We hold that it does not. Third: Does the tolling provision of sec. 939.74(3) violate the Equal Protection Clause[6] in Section 1 of the Fourteenth

[4] Section 939.74(3), Stats., provides:

**939.74 Time limitations on prosecutions. . . . (3)** In computing the time limited by this section, the time during which the actor was not publicly a resident within this state or during which a prosecution against him for the same act was pending shall not be included. A prosecution is pending when a warrant or a summons has been issued, an indictment has been found, or an information has been filed.

[5] United States Constitution Article IV, sec. 2 provides:

Section 2. The citizens of each state shall be entitled to all privileges and immunities of citizens in the several states.

[6] United States Constitution, Article XIV, sec. 1, provides:

Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

Amendment of the United States Constitution when applied to a public nonresident of Wisconsin? We hold it does not.

On June 3, 1986, the State filed a criminal complaint and warrant charging Mr. Sher with violating sec. 943.20(1)(d) and (3)(c), Stats., (theft by fraud) and sec. 939.05, Stats., (party to a crime), for theft of a boat from a marina in Wisconsin on April 24, 1978. The prosecution thus commenced this action eight years after the alleged offense.

Sher moved to dismiss the complaint on the theory that the statute of limitations, sec. 939.74(1), Stats., barred prosecution of the alleged offense because more than six years had passed since the date of the alleged offense and the date the warrant for Sher had been issued. The State argued that sec. 939.74(3), Stats., tolled the statute of limitations from running because Sher was not a resident of Wisconsin for a number of years in between the dates of the alleged crime and issuance of the warrant.

An evidentiary hearing on Sher's motion was held and the circuit court issued a decision granting it. The circuit court found that Sher had moved from Wisconsin and had taken up residency in Florida between the fall of 1982 and the spring of 1983;[7] that following his residency in Florida, Sher made numerous trips back to Wisconsin for business matters, personal matters, and litigation matters; that Sher never left Wisconsin in an attempt to conceal or prevent knowledge of his whereabouts; that information was available to both private parties and law enforcement officials as to his residency status and whereabouts.

---

[7]On appeal, Sher concedes that since the spring of 1983, he has not been a resident of the State of Wisconsin "under any definition of that term (resident)." Sher's brief at p. 5.

The circuit court ruled that a "literal reading of [sec. 939.74(3), Stats.] ... would create an absurd result. ..." because nonresidents would never receive the benefit of the statute of limitations. The circuit court stated that a statute should not be interpreted so as to work an unreasonable and absurd result and cited *State v. Clausen*, 105 Wis. 2d 231, 313 N.W.2d 819 (1982). The circuit court also noted such an interpretation raised equal protection considerations under the United States and Wisconsin Constitutions.

The circuit court then interpreted sec. 939.74(3), Stats., so as to work, in its opinion, a "reasonable" result. The circuit court noted the definition of the word "publicly" and the policy considerations surrounding the enacting of the statute of limitations. It held:

> It seems axiomatic to the [circuit court] that the legislature intended by the use of the terms employed in the statute to incorporate those situations which toll the statute of limitations when we have some indication that the absence as a resident from the jurisdiction is for the purposes of avoiding prosecution, concealment, or apprehension.

Applying this interpretation of sec. 939.74(3), Stats., to the particular set of facts it found, i.e., that Sher had not left Wisconsin to avoid prosecution and that his whereabouts and residency were commonly known, the circuit court held that the six year statute of limitations had run. Sher's motion to dismiss was granted.

An interpretation of a statute is a question of law which this court reviews without deference to the circuit court's reasoning. *State v. Wittrock*, 119 Wis. 2d 664, 669, 350 N.W.2d 647 (1984). The primary source

8

used in construing a statute is the statutory language itself. *Id.* 119 Wis. 2d at 670. Non-technical words in a statute are to be given their ordinary and accepted meanings unless a different definition has been designated by the statutes. *Id.* A statute will be construed so as to not render any part of it superfluous if such a construction can be avoided. *State v. McCrossen,* 129 Wis. 2d 277, 298, 385 N.W.2d 161 (1986), *cert. denied* 479 U.S. 841 (1986).

The circuit court refused to apply sec. 939.74(3), Stats., to Sher because it "would create an absurd result in the statute's interpretation." After examining the purposes behind the statute of limitations, the circuit court noted that a resident of Wisconsin would enjoy the benefits of the statute of limitation's protection but a resident of Zion, Illinois would not enjoy the same protection if he committed an offense in Wisconsin. We note the circuit court's interpretation focuses only on the word "publicly" in the statute and disregards the phrase modified by "publicly:" "a resident within this state." A construction of a statute should not render any portion of the statute superfluous. *McCrossen,* 129 Wis. 2d at 298.

Sher's counsel argues that the statute establishes four categories of persons: public residents; nonpublic residents; public nonresidents; nonpublic nonresidents. His argument then continues that the tolling provision applies to only two of those categories—the nonpublic resident and nonpublic nonresident. Sher's counsel maintains that because Sher is a public nonresident, he is afforded the protection of the statute of limitations.

We disagree. The statute creates only two categories of persons: public residents and others. The public residents are the only group of persons for whom the statute of limitations does not toll. We find further

9

support for this interpretation in the comments by the Judiciary Committee who submitted the bill establishing sec. 939.74, Stats. The comments state that in computing the statute of limitations, sec. 939.74(1), Stats., "the time during which the actor was not publicly a resident within this state is subtracted (e.g., he may have resided elsewhere, or in this state secretly and in concealment)." Wisconsin Legislative Council, 5 *Judiciary Committee Report on the Criminal Code* at 57 (1953), *reprinted in* 3 *Wisconsin Legislative Council Reports* part 2. Furthermore, Sher's construction would also render the words "a resident within this state" without meaning.

In addition, other courts have held that similar tolling provisions activate even if the defendant did not flee the state to avoid prosecution, openly resided in another state, or did not attempt to conceal his whereabouts. *People v. Edwards,* 106 Ill. App. 3d 918, 436 N.E.2d 727 (1982); *State v. Houck,* 240 Kan. 130, 727 P.2d 460 (1986); *Kubus v. Swenson,* 242 Minn. 425, 65 N.W.2d 1177 (1954); *State v. Ansell,* 36 Wash. App. 492, 675 P.2d 614 (1984).

Sher's counsel contends he is not arguing that the tolling provision is unconstitutional on its face. Rather, he argues that the provision may be unconstitutionally applied in this case. Sher's counsel argues that applying the tolling provision of sec. 939.74(3), Stats., to public nonresidents violates both the privileges and immunities clause and the equal protection clause of the United States Constitution. The State asserts that Sher is challenging the statute's constitutionality on its face. There is a strong presumption of a statute's constitutionality. *Guertin v. Harbour Assur. Co.,* 141 Wis. 2d 622, 633, 415 N.W.2d 831 (1987). The chal-

10

lenger asserting the unconstitutionality of a statute bears a heavy burden in proving it. *WKBH Television, Inc. v. Dept. of Revenue,* 75 Wis. 2d 557, 566, 250 N.W.2d 290 (1977).

## I. PRIVILEGES AND IMMUNITIES CLAUSE

The privileges and immunities clause does not require "absolute equality" in treatment between residents and nonresidents. *Taylor v. Conta,* 106 Wis. 2d 321, 329, 316 N.W.2d 814 (1982). Because nonresidents may present special problems for the administration of state laws, a state need not treat nonresidents in precisely the same manner as residents. Only those distinctions in treatment which hinder the formation, development or purpose of a single Union of States are prohibited. *Id.*

In *Taylor v. Conta,* this court established a three-part test to be used when examining a statute that allegedly violates the privileges and immunities clause of the United States Constitution. First, this court must consider whether the statute disadvantages nonresidents as compared to residents. *Id.* 106 Wis. 2d at 331. If there is a disadvantageous treatment of nonresidents, then this court examines the statute under the second step; whether the discrimination violates a fundamental right. *Id.* 106 Wis. 2d at 335. Finally, if a fundamental right is infringed, this court must decide if the "means employed [by the statute] bear a substan-

tial relation to legitimate state objectives." *Id.* 106 Wis. 2d at 341 (footnote omitted).

Section 939.74(3), Stats., "disadvantages" the public nonresident as compared to the public resident. *See* note 4, at p. 6. A public resident of the state of Wisconsin may claim the benefit of the statute of limitations, sec. 934.79(1), Stats. After six years, the state is prohibited from bringing a criminal action against a public resident of Wisconsin. A public nonresident, however, does not enjoy the same benefit.

Sher contends the protection provided by the statute of limitations is a fundamental right. Sher notes that the statute of limitations is found in Chapter 939, which is titled "Rights of the Accused." Sher argues that because the statute of limitations is located with other important rights such as the presumption of innocence, the burden of proof, and the prohibition against double jeopardy, the legislature intended the statute of limitations to be a fundamental right. Sher also claims this court's decision in *John v. State,* 96 Wis. 2d 183, 291 N.W.2d 502 (1980), was a recognition by this court that the statute of limitations is a fundamental right.

The United States Supreme Court, in a civil case, has declared that "statute of limitations defenses are not a fundamental right. ..." *Bendix Autolite Corp. v. Midwesco Enterprises,* — U.S. —, 108 S. Ct. 2218, 2221 (1988). *See also G.D. Searle & Co. v. Cohn,* 455 U.S. 404, 408 (1982); *Chase Sec. Corp. v. Donaldson,* 325 U.S. 304, 314 (1945). The Court has noted the protection provided by the statute of limitations is one granted by the legislatures and is subject to legislative control. *Chase Sec. Corp.,* 325 U.S. at 314. "[T]he shelter provided by the statute of limitations is not a fundamental right the

12

denial of which would constitute a penalty in the constitutional sense on those involved in a criminal activity." *Higgenbotham v. United States,* 491 F.2d 432, 433 (4th Cir. 1974) (a tax case). We conclude that the protection provided by the statute of limitations, which cannot be found explicitly or implicitly in the United States Constitution, and which is subject to the control of the legislature, is not a fundamental right.

In *John v. State,* this court discussed the policies behind the statute of limitations and stated that it "helps to preserve the integrity of the decision-making process in the trial of criminal cases." *John,* 96 Wis. 2d at 194. Contrary to counsel for Sher's assertion, we find no indication that this court classified the statute of limitations as a "fundamental" right in *John.*

Even if such a statute of limitations was held to provide a fundamental right, the next question would be: is there a "substantial reason for discrimination" between nonresidents and residents? *Taylor,* 106 Wis. 2d at 336–37. "The privileges and immunities clause bars discrimination against [nonresidents] when there is no substantial reason for the discrimination beyond the fact that they are [residents] of other states." *Id.* 106 Wis. 2d at 337. There must be "something to indicate that [nonresidents] constitute a peculiar source of the evil at which the [discriminatory) statute is aimed" for there to be a substantial reason for that discrimination. *Id.* (citation omitted). "The means ... must be 'closely tailored' to achieve the objective." *Id.* 106 Wis. 2d at 338 (citation omitted). The test, therefore, is "whether the means employed bear a substantial relation to legitimate state objectives." *Id.* 106 Wis. 2d at 341 (footnote omitted). The "'substantial reason for the discrimination' test falls between the minimum scrutiny (rational relation to a legitimate state interest)

13

and the strict scrutiny (necessary relation to a compelling state interest) tests. ..." *Id.* 106 Wis. 2d at 339–40.

We find the provision is substantially related to several legitimate state objectives: the identification of criminals, the detection of crimes, and the apprehension of criminals. Investigation of crimes is easier for law enforcement officials when people central to the incident, and who may have vital information, are located within the state. Sher's counsel argues that with today's technology and police networking it is almost as easy to investigate crimes and criminals if a person is publicly a nonresident as it is if they are a resident. Even if suspects are located, local law enforcement agencies may not possess enough resources to send someone to question or investigate the suspect who resides outside of Wisconsin. In such cases, Wisconsin authorities might have to rely on the resources of other states' police and could burden those other departments. In addition, cases which would be important here, may be given less attention if other authorities were responsible for investigation. Furthermore, if a suspect is charged, apprehension of them is easier if they are public residents than if they reside out of state. We conclude that the legislature's decision to establish a tolling provision for nonresidents is substantially related to the problems of identifying criminals, detecting crime, and apprehending alleged criminals, when nonresidents may be involved or have vital information.[8]

---

[8]These same reasons were found to be rationally related to the State's interest under an equal protection analysis in *Scherling v. Superior Court of Santa Clara Cty,* 22 Cal. 3d 493, 149 Cal. Rptr. 597, 585 P.2d 219 (1978).

Although the tolling provision of the statute of limitations, sec. 939.74(3), Stats., disadvantages nonresidents compared to residents, it does not infringe on any fundamental right and it is substantially related to legitimate state interests. We conclude that sec. 939.74(3), does not violate the privileges and immunities clause.

## II.  EQUAL PROTECTION CLAUSE

At oral argument, Sher's counsel also asserted the tolling provision violates the equal protection clause of the fourteenth amendment. "If a statutory classification does not involve a suspect class or a fundamental [right], it will be sustained if there is any rational basis to support it." *State v. Bleck,* 114 Wis. 2d 454, 468, 338 N.W.2d 492 (1983) (citation omitted). The protection provided by the statute of limitations is not a fundamental right. Sher's counsel does not allege that "residency" is a suspect classification nor do we independently find that it is.

If fundamental right or suspect classification is not involved, there is only an equal protection violation when the legislature has made an "irrational or arbitrary classification." *Id.* 114 Wis. 2d at 469 (citation omitted). The party alleging a statute violates the equal protection clause must prove abuse of legislative discretion beyond a reasonable doubt. *Guertin,* 141 Wis. 2d at 634 (citation omitted). Where no fundamental right or suspect classification is infringed, the statute will be

upheld if there is a rational basis for the legislation. *Id.* (citation omitted).

The statute if substantially related to the state's interests in the detection of crimes, and the identification and apprehension of criminals. It follows that it is also rationally related to those interests since the "rationally related" test is a lesser standard than the "substantially related" test. *See Taylor,* 106 Wis. 2d 339-40. *See also, Scherling v. Superior Court of Santa Clara County,* 22 Cal. 3d 493, 149 Cal. Rptr. 597, 585 P.2d 219 (1978).

Furthermore, other jurisdictions have upheld similar tolling provisions of statute of limitations which distinguish between residents and nonresidents. The Pennsylvania tolling provision of its statute of limitations was found not to violate the privileges and immunities or the equal protection clauses of the United States Constitution. *Commonwealth v. Lightman,* 339 Pa. Super. 359, 489 A.2d 200 (1985) *cert. denied,* 475 U.S. 1095 (1986). The Pennsylvania Superior Court stated the tolling provision tolls "during any time when the accused is continuously absent from this Commonwealth or has no reasonably ascertainable place of abode of work within this Commonwealth. ..." *Id.* 489 A.2d at 202-03 (footnote omitted). Citing *Baldwin v. Montana Fish and Game Comm'n.,* 436 U.S. 371, the court noted the United States Supreme Court "has limited the [privileges and immunities] Clause's applicability to the privileges and immunities 'bearing on the vitality of the Nation as a single entity.'" *Id.* 489 A.2d at 204. The court held the "protection from prosecution for a crime for a specified period of time cannot be said to impact on the vitality of the Nation," and therefore, the provision was ruled not to violate the

16

privileges and immunities clause. *Id.* The court also found the provision did not violate the equal protection clause of the United States Constitution. The tolling provision was found to be "rationally related to the Commonwealth's interest in enhancing the possibility of identification of criminals ... in avoiding the burdens of extradition proceedings," and "it enhances the possibility of the detection of crime. ..." *Id.*, 489 A.2d 203–04.

In *Scherling,* 585 P.2d 219, another tolling provision was found not to violate the equal protection clause of the fourteenth amendment. The California Supreme Court summarized the tolling provision as commencing "if a defendant is out of the state when or after an offense is committed, no time during which he is absent is to be computed as a part of the limitation period." *Id.* 585 P.2d at 223. The defendant in *Scherling* was a resident of California when he allegedly committed an offense. He later moved from California and openly resided in a nearby state. He asserted that the provision violated his right to travel.

The California Supreme Court held the provision did not violate the defendant's right to travel, *Id.* 585 P.2d at 224, and that the State of California Legislature "could have determined that the detection of the crime and identification of the criminal are more likely if the criminal remains in the state than if he departs." *Id.* 585 P.2d at 225. The court also noted the state had an interest in apprehending a suspect should he be charged. *Id.* 585 P.2d at 223–24. Using the "rational relationship" standard, the court upheld the tolling provision's constitutionality.

We disagree with the circuit court's conclusion that the application of sec. 939.74(3), Stats., to the facts of this case creates an "absurd result."

We conclude the provision does not violate the Privileges and Immunities clause nor the Equal Protection clause of the United States Constitution. The order of the circuit court is therefore reversed and the cause remanded for further proceedings.

*By the Court.*—Order of the circuit court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.