Lillian POPE, Plaintiff,

v.

Vinh T. PHAM, and State Farm Mutual Automobile Insurance Company, Defendants-Third Party Plaintiffs-Appellants,†

v.

John "Sugar" DOE, Third Party Defendant,

HERITAGE MUTUAL INSURANCE COMPANY, Third Party Defendant-Respondent.

Court of Appeals

*No. 90–1568. Submitted on briefs February 5, 1991.—Decided April 16, 1991.*

(Also reported in 469 N.W.2d 897.)

† Petition to review denied.

481

For the defendants-third party plaintiffs-appellants the cause was submitted on the briefs of *Schapekahm & Eiche, S.C.* by *John E. Schapekahm* of Milwaukee and *Jeanne M. Kreuser* of counsel, of Milwaukee.

For the third party defendant-respondent the cause was submitted on the briefs of *Snodgrass & Simpson* by *Arthur P. Simpson,* of Milwaukee.

Before Moser, P.J., Sullivan and Fine, JJ.

MOSER, P.J. State Farm Mutual Automobile Insurance Company (State Farm) appeals from a judgment dismissing its third-party contribution claim against Heritage Mutual Insurance Company (Heritage).

On June 6, 1984, Lillian Pope (Pope) was seated in the driver's seat of her father's, Walter Muecke (Muecke), automobile when it was struck by a vehicle owned and operated by Ismeal Acevedo. Muecke's automobile was legally parked at the time. The next day,

June 7, Pope was a passenger in the same automobile driven by John "Sugar" Doe (Doe) when the vehicle collided with an automobile owned and operated by Vinh T. Pham (Pham). Doe fled the scene of the accident and has not been found since. The Muecke vehicle was insured by Heritage and the Pham vehicle was insured by State Farm. The Heritage policy also had uninsured and underinsured motorist coverage. It is unknown if the Acevedo vehicle was insured.

Pope sued all of the above parties in one action with two separate claims. Her first claim was against Acevedo, Muecke and Heritage for her personal injuries resultant from the June 6, 1984 accident. In her second claim, Pope sued Pham, State Farm, Muecke and Heritage for her injuries from June 7, 1984. Muecke and Heritage moved to dismiss the claims because Pope did not allege any negligence against Muecke in either claim. Thus, the complaint did not state claims upon which relief could be granted pursuant to sec. 802.06(2)(f), Stats. Because the complaint failed to state a cause of action against Muecke and Heritage, the trial court granted the dismissal, but it gave Pope an opportunity to replead. Pope timely repled, and Heritage and Muecke moved to dismiss for the same reasons noted above. However, because Pope introduced a new factor concerning the Heritage policy which contained an uninsured motorist endorsement, Muecke and Heritage also moved to dismiss that part of the second claim against them based on the fact that the policy contained a noncooperation defense clause. Thus, the mandate of sec. 632.34, Stats., required dismissal. The trial court granted the motion from which Pope appealed and this court affirmed.

On remand, Pham and State Farm commenced a third-party action against Muecke and Heritage claim-

ing that if a jury finds that both Pham and Sugar Doe are joint tort-feasors, then Muecke and Heritage are bound to pay contribution for their share of the harm to Pope. Muecke and Heritage answered the third-party complaint and moved for summary judgment on the basis that sec. 632.34, Stats., bars all claims against an insurer faced with an absconder who fails to cooperate. The trial court granted summary judgment to Muecke and Heritage because the parties stipulated that Sugar Doe was uncooperative and that the policy had a non-cooperation feature. It held that as a matter of law sec. 632.34 barred contribution because of any claim by State Farm. Pham and State Farm appeal.

The sole issue on this appeal is whether Pham's and State Farm's claim of contribution is barred by Heritage's defense of noncooperation and sec. 632.34, Stats.

There is no issue that Heritage is free from liability to Pope because of its policy's noncooperation clause. State Farm concedes this point. No argument in the trial court or on this appeal pertains to the statutory subject of collusion noted in sec. 632.34, Stats. Thus, that is not an issue in this case. It follows that the contribution issue that remains depends on whether State Farm is entitled to contribution against Heritage in light of sec. 632.34. Said another way, the issue is whether the statute bars direct and contribution claims when the claimant is a passenger in the vehicle insured by Heritage. The statute reads as follows:

> **632.34  Defense of noncooperation.** If a policy of automobile liability insurance provides a defense to the insurer for lack of cooperation on the part of the insured, the defense is not effective against a 3rd person making a claim against the insurer unless there was collusion between the 3rd person and the insured or unless the claimant was a passenger in or

484

on the insured vehicle. If the defense is not effective against the claimant, after payment the insurer is subrogated to the injured person's claim against the insured to the extent of the payment and is entitled to reimbursement by the insured.

█

The application of the statute to a set of facts presents a question of law which is reviewed independently by an appellate court.[1]

The primary source used in construing a statute is the statutory language itself. Non-technical words . . . are to be given their ordinary and accepted meanings unless a different definition has been designated by the statutes. A statute will be construed so as to not render any part of it superfluous if such a construction can be avoided.[2]

█

There is no question that Pope is a claimant under the statute because she was a passenger in the insured vehicle. There is no question that Heritage is the insurer of the Muecke vehicle and is entitled to employ its policy defense of noncooperation against Pope as a passenger claimant. It follows that State Farm's third-party claim for contribution is unavailable under the plain language of the statute because Heritage is not liable to Pope as a passenger in the insured vehicle because of Doe's noncooperation as the driver of the insured vehicle. Thus, its noncooperation defense under the statute bars State Farm's third-party action for contribution. If courts

---

[1]*C.J.H. v. State,* 149 Wis. 2d 624, 628, 439 N.W.2d 615, 616 (Ct. App. 1989).

[2]*State v. Sher,* 149 Wis. 2d 1, 8-9, 437 N.W.2d 878, 880 (1989) (citations omitted).

were to construe the plain language of the statute otherwise, the statute would be rendered superfluous.

It is also to be noted that because Heritage has no obligation to Pope given the noncooperation clause of Muecke's insurance policy, it is impossible for Heritage to owe State Farm a debt of contribution. "A claim for contribution is separate from and independent of the underlying claim."[3] There are three elements that a party must establish for a claim of contribution to exist and they are:

> " '1. Both parties must be joint negligent wrongdoers; 2. they must have common liability because of such negligence to the same person; 3. one such party must have borne an unequal proportion of the common burden.' "[4]

Heritage does not share a common liability with either Pham or State Farm to Pope, and thus, does not owe either any measure of contribution on their obligation to Pope.

*By the Court.*—Judgment affirmed.

FINE, J. *(dissenting).* The majority holds that section 632.34, Stats., bars all third-party claims against an insurance company whose insured fails to cooperate. This interpretation renders the statute essentially meaningless.

Section 632.34, Stats., provides:

**Defense of noncooperation.** If a policy of automobile liability insurance provides a defense to the insurer for lack of cooperation on the part of the

---

[3]*Giese v. Montgomery Ward, Inc.*, 111 Wis. 2d 392, 404, 331 N.W.2d 585, 591 (1983).

[4]*Id.* (citation omitted).

insured, the defense is not effective against a 3rd person making a claim against the insurer unless there was collusion between the 3rd person and the insured or unless the claimant was a passenger in or on the insured vehicle. If the defense is not effective against the claimant, after payment the insurer is subrogated to the injured person's claim against the insured to the extent of the payment and is entitled to reimbursement by the insured.

Thus, unless there are special circumstances, section 632.34 does not permit an insurance company to interpose the insured's lack of cooperation as a defense "against a 3rd person making a claim against the insurer." Vinh T. Pham and State Farm Automobile Insurance Company are "3rd person[s]" who have made a claim against Heritage Mutual Insurance Company. Accordingly, they—not Lillian Pope or John "Sugar" Doe (Heritage's insureds)—are "claimant[s]" for the purposes of section 632.34. Nevertheless, Heritage seeks to interpose Doe's noncooperation as a defense against the claim asserted by Pham and State Farm. It may not do so, however, because none of the special circumstances required by section 632.34 are present. First, there was no "collusion" between any of Heritage's insureds and either Pham or State Farm. Second, neither Pham nor State Farm "was a passenger in or on" the automobile insured by Heritage.

I respectfully dissent.