## W. C. BRANNAN V. THE STATE.

### No. 2547.   Decided January 28, 1903.

**1.—Aiding Prisoner to Escape from Custody of an Officer—Construction of Statute.**

The article 229, Penal Code, denouncing the offense of willfully aiding a person held under "an accusation" of misdemeanor to escape from the custody of an officer, by whom he is detained on said accusation, has no application where the prisoner has been convicted and is serving a sentence as a county convict; and therefore the assisting of the convict to escape is not a violation of this statute.

**2.—Same—"Accusation."**

The term, "accusation," as used in this statute, applies to a pending prosecution, and when that prosecution has terminated in a conviction, it ceases to be an "accusation."

Appeal from the County Court of Hill.   Tried below before Hon. L. C. Hill, County Judge.

Appeal from a conviction of aiding a person to escape; penalty, a fine of $50.

The following, which is a substantial statement of the facts, is taken from appellant's brief:

"Richard Kittrell, the prisoner whom appellant is alleged to have aided in making his escape, plead guilty at the May term, 1902, of the County Court of Hill County, Texas, in three misdemeanor cases, upon information charging him with the violation of the local option law in precinct No. 2, Hill County, Texas. In each of which cases the defendant pleaded guilty and his punishment was assessed in each case at a fine of $25 and twenty days in jail, the judgments so entered becoming cumulative. Upon these pleas of guilty and judgments of conviction, the court remanded said prisoner into the custody of W. I. Satterfield, sheriff of Hill County. A commitment issued by the clerk of said court directed to the sheriff or any constable of Hill County, on the 20th day of May, 1902, directing him to take the body of said prisoner and deliver him to the superintendent of the poor farm of Hill County, to be confined and put to hard labor until said judgments were fully satisfied, and that said sheriff in accordance with said commitments deliver said prisoner to the superintendent of the poor farm. The said superintendent then placed said prisoner with others into the custody of said George Parrott, a guard employed by said superintendent, who was then and there working the public roads of Hill County with said Richard Kittrell and other prisoners; and while said prisoners were at work on said public road in custody of said guard near Itasca, Texas, said prisoner, Richard Kittrell, escaped from said guard and came to the field where appellant and his brother, Mark Brannan, were at work about three-quarters of a mile from appellant's home, and about one and three-quarters mile from where said prisoner, Richard Kittrell, escaped from said guard; that said prisoner and appellant then went from said field to appellant's said home, and appellant procured a horse, and prisoner and appellant mounted and rode off through appellant's

said field in a northeasterly direction to a public road where appellant's brother, Mark Brannan, was sitting in a buggy. Prisoner then got off the horse, got in said buggy, and said prisoner and Mark Brannan then drove off."

*J. E. Clark,* for appellant.—Now, whether the acts of appellant constitute the offense denounced in article 229, will depend on the definition this court will give to the word "accusation." This is not a technical word, nor is it a word of art. It has but one meaning. It can not be defined to embrace conviction for crime. A person accused of crime is certainly not convicted of the crime as long as the accusation stands against him. But in order that no possible confusion should arise as to its meaning and application, our Penal Code, article 240, defines the word as follows:

"The word 'accusation,' as used here, and in every part of this code, means a charge made in a lawful manner against any person that he has been guilty of some offense which subjects him to prosecution in the name of the State. A person is said to be 'accused' of an offense from the time that any 'criminal action' shall have been commenced against him. A legal arrest, without a warrant, a complaint to a magistrate, a warrant legally issued, an indictment or an information are all examples of 'accusation,' and a person proceeded against by either of these is said to be 'accused.' "

Now we submit that according to this statutory definition of the word "accusation," Richard Kittrell was not detained in custody on an "accusation," and therefore appellant could not be guilty of the violation of article 229 by aiding him to escape.

The Legislature recognized that the word "accusation" and the word "conviction" were not synonymous terms, for in the same chapter in which article 229 is found, and under the head of offenses relating to the arrest and custody of prisoners, and in articles 216, 217, 218, 219, 220 and 221, it is made an offense for any officer to willfully permit a prisoner to escape from his custody accused or convicted of the offenses enumerated in said article. If it had been the intention of the Legislature to make it an offense for an officer to willfully permit a prisoner to escape from his custody who was accused of the various offenses, and the word "accused" would embrace and mean "convicted," why use the words "accused" or "convicted"? If it was an offense for an officer to willfully permit a prisoner to escape from his custody while accused of an offense, it is evident that in the absence of a provision embracing prisoners already convicted such acts of an officer would constitute no offense. We submit that the language of the above articles is significant and shows clearly that the Legislature, in enacting article 229, either intentionally or by oversight, utterly failed to make it an offense to aid a prisoner to escape from custody while such prisoner is detained in custody after conviction and commitment for a misdemeanor.

We submit to the court that the undisputed facts in the record show that the prisoner, Richard Kittrell, had already escaped from the custody of said poor farm guard, George Parrott, without the aid or assistance of appellant or anyone else and was about one and three-fourths mile from said guard when he came to the field where appellant was at work. Therefore appellant did not aid said prisoner to escape from the custody of said guard, but was aiding him to elude the officers and avoid recapture.

The offense denounced in article 229 is giving aid to a prisoner to escape from the custody of an officer detaining him on an accusation for a misdemeanor. If Kittrell was not in custody of the officer at the time the aid was given him to escape, then it logically follows that he has not committed the offense denounced in said act.

*C. F. Greenwood,* County Attorney, *B. Y. Cummings,* Assistant County Attorney, and *Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of aiding a prisoner to escape, in violation of article 229, Penal Code, and fined $50.

Article 229, Penal Code, reads as follows: "If any person shall willfully aid a prisoner to escape from the custody of an officer, by whom he is legally detained in custody on an accusation for a misdemeanor, by doing an act calculated to effect that object, he shall be punished by fine," etc. Appellant's contention is that this article has no application to the facts adduced in evidence, and that under the testimony he is not guilty of violating it. The uncontroverted evidence is that appellant's principal had been convicted in three cases of misdemeanor, and placed in charge of the proper officer, and was being worked upon the road as a county convict under these convictions at the time of his escape. The State's contention is that the terms of article 229 apply as well to defendants after conviction as pending prosecution, and it cites in support of this article 240, Penal Code, which provides: "The word 'accusation,' as used here, and in every part of this code, means a charge made in a lawful manner against any person, that he has been guilty of some offense, which subjects him to prosecution in the name of the State. A person is said to be 'accused' of an offense from the time that any 'criminal action' shall have been commenced against him. A legal arrest without warrant; a complaint to a magistrate; a warrant legally issued; and indictment, or an information, are all examples of 'accusation,' and a person proceeded against by either of these is said to be 'accused.'" As we understand an "accusation" under our statute, it applies to a pending prosecution, and when that prosecution has been terminated in a conviction it ceases to be an accusation. After a conviction or the judgment of guilty, a party is termed a "convict" when he has accepted

the sentence or judgment of conviction as a finality, which has been adjudged against him by the court of last resort which has jurisdiction of his case to which he may have thought proper to appeal. Art. 27, Penal Code; Arcia v. State, 26 Texas Crim. App., 193; Woods v. State, 26 Texas Crim. App., 490; Jones v. State, 32 Texas Crim. Rep., 135. Appellant's principal had accepted the punishment awarded him, and was serving out that punishment at the time of his escape. It was no longer an accusation, but was a conviction, and the terms of article 229, Penal Code, do not apply.

The judgment is reversed, and the cause remanded.

*Reversed and remanded.*

[The State's motion for rehearing was overruled without a written opinion.—Reporter.]