JOHN JOSEPH MORIN V. STATE

No. 33.406.   May 10, 1961

No attorney for appellant of record on appeal.

J. *Taylor Brite*, District Attorney, Jourdanton, and *Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for felony theft, with four prior convictions for felonies less than capital alleged for enhancement; the punishment, life imprisonment under Article 63, V.A.P.C.

The indictment alleged the theft of one tool box and certain described tools of the aggregate value of $73.50 from the owner, Albert Rauch.

The state's proof shows that, on the night of September 27, 1955, a building occupied by the Hoelscher Trucking Implements Company near the city of Floresville was broken into and burglarized. In the burglary, certain mechanic's tools and equipment were taken. The prosecuting witness, Rauch, was a mechanic and employed at the company as shop foreman. On the morning after the burglary, Rauch discovered that a tool box and certain tools which belonged to him were missing from the building. On October 27, 1955, appellant was arrested by the sheriff of Karnes County at Kotzer's Garage in Karnes City. At such time, appellant was driving a black 1946 Ford automobile. Following his arrest, a tool box and a large number of tools were found in the turtle of the automobile. Among the tools found in the automobile, the prosecuting witness, Rauch, identified certain tools as having been stolen from him in the burglary. Upon being identified at the trial by Rauch, the tools were introduced in evidence. Rauch's testimony shows that the tool box and tools which were stolen from him had an aggregate market value of $50 or over.

It was further shown that, during the month preceding his arrest, appellant had come to the Kotzer garage on three occasions. On two occasions, appellant sold certain tools and equipment to the garage owner, consisting of two drills, a battery charger, and a valve machine.

It was further shown that, following his arrest, appellant

140

escaped from the Wilson County jail in February 1956 and remained at large until he was apprehended in the State of California in August 1960.

Testifying as a witness in his own behalf, appellant denied burglarizing the building in question and stealing the tool box and tools from the injured party. Appellant testified that he had purchased the 1946 Ford only two days prior to his arrest and did not know that the tools were in the trunk of the automobile. Appellant admitted selling two drills and a valve grinder to the owner of the garage and testified that they were tools and equipment which he had purchased at an auction sale. Appellant also admitted the four prior convictions for felonies less than capital alleged in the indictment and that the convictions were final.

The record contains no formal bills of exception, no objections to the court's charge, and no brief has been filed on behalf of appellant.

We have considered the informal bills of exception appearing in the statement of facts and they do not present reversible error.

The evidence of appellant's unexplained possession of recently stolen property is sufficient to sustain the conviction. McKenna v. State, 164 Tex. Cr. R. 623, 301 S.W. 2d 657; Mason v. State, 167 Tex. Cr. R. 516, 321 S.W. 2d 591. Appellant's possession of the stolen property was not shown to have been explained when he was arrested and his explanation made at the time of trial is not controlling. Wall v. State, 167 Tex. Cr. R. 634, 322 S.W. 2d 641.

The judgment is affirmed.

Opinion approved by the Court.