EX PARTE JOHN JOSEPH MORIN.

No. 34,470.   March 7, 1962
Motion for Rehearing Overruled May 16, 1962

Relator represented himself.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Presiding Judge.

Petitioner is serving a life sentence from Wilson County for felony theft (punishment enhanced under Art. 63 P.C.) affirmed by this Court in Morin v. State, 346 S.W. 2d 327.

The judgment is attacked as void on the ground that the offense was barred by limitation when the indictment was returned on October 11, 1960, it alleging that the offense was committed on or about September 27, 1955.

The indictment further alleged that the petitioner was absent from the state from the 23rd day of February, 1960, until the 19th day of August, 1960.

Art. 178 V.A.C.C.P. provides that an indictment for felony theft may be presented within 5 years and not thereafter. Section 1 of Art. 183 V.A.C.C.P. provides that the time during which the accused is absent from the state shall not be computed in the period of limitation.

An examination of the record on appeal reveals that the undisputed evidence was that the petitioner herein escaped from jail and was in the State of California during the time the indictment alleged he was absent from the state, and that there was no complaint that an issue was not submitted to the jury.

It is not error to fail to charge on limitation if there is no issue or question of limitation raised by the testimony. 1 Branch's Ann. P.C. 2d 639, Sec. 661, and cases cited.

Petitioner's contention that the offense was barred by limitation when the indictment was returned is overruled.

The petition is denied.