**Willard NEAL, Jr., Harley Lee Moore, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 39460–39462.**

Court of Criminal Appeals of Texas.

March 23, 1966.

Firmin A. Hickey, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., Charles E. Bonney and Theodore P. Bosch, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

Appellant, Willard Neal, Jr., also known as Harley Lee Moore, was charged by indictment in Causes Nos. 39,460 and 39,462 with the offense of felony theft and in

Cause No. 39,461 with the offense of burglary.

On November 5, 1965, the three cases were called for trial, at which time appellant waived a trial by jury and entered a plea of guilty before the court in each case. Appellant was represented in each case by the same court-appointed attorney, Jack D. Bodiford, Esq., and evidence was presented to the court in the three cases at the same hearing. At the conclusion of the evidence, judgments were entered by the court, finding appellant guilty of the offenses charged and assessing his punishment in each case at confinement in the penitentiary for a term of two years.

Notice of appeal was given by appellant from the judgments of conviction.

The appeal in each case will be disposed of in one opinion.

■ It is insisted that the judgment of conviction in Cause No. 39,461 should be reversed because the attorney appointed to represent appellant did not waive the ten (10) days allowed to prepare for trial, as provided by Article 494 of Vernon's Ann. C.C.P. of 1925, now Article 26.04 of the Code of Criminal Procedure of 1965. This contention is based upon the fact that the written waiver of the ten-day period filed in the cause was signed only by appellant and did not contain the signature of his court-appointed attorney.

The record reflects that written waivers were filed in all three cases on the same day and that the waivers filed in Causes Nos. 39,460 and 39,462 were signed by both appellant and his court-appointed counsel.

It is apparent that appellant and his counsel intended to waive the ten-day period allowed to prepare for trial in all of the cases tried at the same time and that the failure of counsel to sign the waiver filed in Cause No. 39,461 was merely an omission. In the absence of an affirmative showing that such was not their intention, no reversible error is presented. See: Hill v. State, Tex.Cr.App., 393 S.W.2d 901.

■ It is insisted that in Causes Nos. 39,460 and 39,461 the court erred in admitting appellant's confession in evidence, although not objected to, because he was not adequately advised of his right to counsel before making the same and the confession did not conform to the requirements of Article 38.22 of the Code of Criminal Procedure of 1965.

The confession introduced in evidence contained the statutory warning prescribed by Art. 727, V.A.C.C.P., and, in addition, recited: "* * * That I have a right to consult with a lawyer, which right I hereby waive * * *."

■ Such confession was admissible under the law in force at the time of trial.

The contention is urged that, in each of the three cases, appellant was not sufficiently warned of the consequences of his plea of guilty because he was not required to put such plea in writing and under oath.

■ We find no logic or merit in the contention. The judgment in each case recites that appellant "was admonished by the Court of the consequences of his said plea." This shows a compliance with the provisions of Art. 501, V.A.C.C.P., in effect at the time the plea was entered.

Art. 517, V.A.C.C.P., now Article 27.13, provides that a plea of guilty or a plea of nolo contendere in a felony case must be made in open court by the defendant in person. There is no statutory requirement that the plea be in writing and under oath.

■ We overrule appellant's remaining contention that the court erred in finding him guilty of felony theft in Cause No. 39,462, notwithstanding his plea of guilty, for the reason that no evidence was introduced at the trial to sustain a finding of guilt. It was shown by the testimony stipulated in the cause that a truck of over the value of $50 was stolen from its owner.

The following day appellant was arrested while driving the truck. Such proof was sufficient to show appellant's guilt and to support his plea of guilty, as required by Art. 12, V.A.C.C.P. MacKenna v. State, 164 Tex.Cr.R. 623, 301 S.W.2d 657; Mason v. State, 167 Tex.Cr.R. 516, 321 S.W.2d 591; Wall v. State, 167 Tex.Cr.R. 634, 322 S.W.2d 641; Foster v. State, 170 Tex.Cr. R. 61, 338 S.W.2d 458; Morin v. State, 171 Tex.Cr.R. 138, 346 S.W.2d 327.

The judgments are affirmed.

Opinion approved by the Court.