**Ex parte Jean MATTHEWS, Appellant.**

**No. 01–92–00447–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 2, 1995.

Richard Haynes, Donald W. Rogers, Jr., Houston, for appellant.

John B. Holmes, Jr., for appellee.

Before OLIVER–PARROTT, C.J., and O'CONNOR and WILSON, JJ.

## OPINION ON REHEARING ON REMAND FROM THE TEXAS COURT OF CRIMINAL APPEALS

O'CONNOR, Justice.

We grant the appellant's motion for rehearing, withdraw our previous opinion and issue this in its stead. This case is on remand from the Court of Criminal Appeals. *Ex Parte Jean Matthews*, 846 S.W.2d 152 (Tex.App.—Houston [1st Dist.] 1993), *rev'd*, 873 S.W.2d 40 (Tex.Crim.App.1994). In our original opinion, we dismissed for want of jurisdiction, finding Jean Matthews, the appellant, could not challenge an indictment in a pre-trial writ of habeas corpus proceeding. The Court of Criminal Appeals held she could, reversed, and remanded. We now address the merits of the appeal. We hold that the statute of limitations is not tolled when a person leaves the state unless that person has been accused of a crime. We grant the writ of habeas corpus.

### Fact Summary

The appellant was indicted on January 8, 1991, for aggravated perjury. The indictment alleges that the appellant committed perjury on June 12, 1981, when she testified for the State in the capital murder trial of Phillip Tompkins. The parties agree that the statute of limitations for aggravated perjury is three years from the commission of the offense.

The appellant, who lives in Arizona, flew from Arizona to Texas to testify for the State in the *Tompkins* trial. In that trial, the appellant testified she held a Ph.D. in psychology from Florida State University in Tallahassee. The indictment in this case alleges the appellant does not hold a Ph.D. in psychology from Florida State University. The record shows the appellant only has a master's degree from the interdepartmental program in the humanities from Florida State. The State did not discover the alleged perjury until February or March 1990, during a post-conviction writ of habeas corpus proceeding in the *Tompkins* case.

In this case, the appellant filed a writ of habeas corpus, challenging the indictment because the statute of limitations had run. The appellant contends the statute of limitations ran in the 10 years between the alleged perjury and the indictment; the State contends the statute of limitations was tolled while the appellant was outside Texas.

### Waiver

■ In point of error one in her original brief, the appellant claims the State is equitably estopped from prosecuting her. Under this point, the appellant argues that the State should not rely on a statute "in an offensive manner that it has, by its own actions, brought into play." The appellant does not explain what she means by that statement, how the State brought the statute into play by using it in an "offensive" manner. We overrule this point of error because the appellant did not adequately argue or brief it. TEX.R.APP.P. 74(f); *see Eubanks v. State*, 635 S.W.2d 568, 572 (Tex.App.—Houston [1st Dist.] 1982, no pet.).

### Statutory Construction

■ In point of error one on rehearing, the appellant contends that under mandatory

principles of statutory construction contained in TEX.CODE CRIM.PROC. art. 3.01 and TEX. GOV'T CODE § 311.011(b), the tolling provision in TEX.CODE CRIM.P. art. 12.05(a) does not apply to her because when she left Texas she had not been charged with a crime.

The tolling statute in article 12.05(a) (Vernon 1977) states:

> The time during which the accused is absent from the state shall not be computed in the period of limitation.

The appellant argues that because the word "accused" is not a defined term in the Code of Criminal Procedure or in the Penal Code, the meaning of the word is to be taken and understood in its "usual acceptation in the common language, except where specially defined." TEX.CODE CRIM.PROC. art. 3.01 (Vernon 1977). In TEX.GOV'T CODE § 311.011(b) (Vernon 1988), it provides that "words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise shall be construed accordingly."

The appellant argues that the word "accused" has acquired a technical meaning that we must follow in our analysis. She contends that a person becomes an "accused" once a formal accusation has been made, and cites three cases that define the word within the meaning of the constitutional right to counsel. *Michigan v. Jackson,* 475 U.S. 625, 632, 106 S.Ct. 1404, 1409, 89 L.Ed.2d 631 (1986); *Holloway v. State,* 780 S.W.2d 787, 793, n. 5 (Tex.Crim.App.1989); *State v. Garibay,* 838 S.W.2d 268, 271 n. 1 (Tex.App.—El Paso 1992, no pet.). The appellant argues that the definition of "accused" as defined in right to counsel cases must be the same as applied to the word "accused" for the purpose of tolling the statute of limitations. We agree.

There are two possible meanings to the word "accused" in article 12.05(a): (1) when a person who is under indictment leaves Texas (the person is an "accused" *when leaving Texas* ), in which case the time when that person is outside of Texas is not computed in the statute of limitations; or (2) when a person who is not accused of any crime leaves Texas (the person is not an "accused" *when leaving Texas* ) and is indicted after

leaving Texas, in which case the statute of limitations is tolled only after indictment. Under the second interpretation, the time begins to toll only after the person becomes an accused, not when the person leaves Texas. In both scenarios, the tolling statute does not apply until the person has been formally accused of committing a crime.

■ The State contends the statute is not vague or ambiguous—the word "accused" refers to a criminal defendant, the person who stands charged by indictment or information. We agree and apply the State's definition to find the statute of limitations was not tolled because the appellant was not charged by indictment or information when she left the state.

To aid in our analysis of the statute, we consult the Code Construction Act. *Barbee v. State,* 432 S.W.2d 78, 82 (Tex.Crim.App. 1968). The act provides several factors that we can consider. TEX.GOV'T CODE § 311.023 (Vernon 1988).

> In construing a statute, whether or not the statute is considered ambiguous on its face, a court may consider among other matters the:
>
> (1) object sought to be attained;
>
> (2) circumstances under which the statute was enacted;
>
> (3) legislative history;
>
> (4) common law or former statutory provisions, including laws on the same or similar subjects;
>
> (5) consequences of a particular construction;
>
> (6) administrative construction of the statute; and
>
> (7) title (caption), preamble, and emergency provision.

We consider how the word "accused" has been interpreted in former statutory provisions and how it is defined in dictionaries. The 1925 Texas Penal Code defined the word "accused" as:

> [A]ny person who, in a legal manner, is held to answer for an offense, at any stage of the proceeding, or against whom complaint in a lawful manner is made charging

an offense, including all proceedings from the order for arrest to the final execution of the law. The word "defendant" is used in the same sense.

The word accused is defined in WEBSTER'S 3RD NEW INTERNATIONAL DICTIONARY 14 (1976) as "one charged with an offense, *esp:* the defendant in a criminal case...." In 1 THE ENGLISH OXFORD DICTIONARY, p. 94 (2d ed. 1989), the word accused is defined as "charged with a crime or fault." In BLACK'S LAW DICTIONARY 23 (6th edition 1990), it is defined as:

> The generic name for the defendant in a criminal case. Person becomes "accused" within meaning of guarantee of speedy trial only at point at which either formal indictment or information has been returned against him, or when he becomes subject to actual restraints on his liberty imposed by arrest, whichever first occurs.

We agree with the appellant that she was not a person accused of a crime at the time she left Texas. We hold the tolling statute does not apply until a person is an "accused," that is, a person who has been accused by the State of committing a crime. Thus, the statute of limitations was not tolled and it has now run. The State cannot prosecute the appellant for her testimony given in 1981. We hold the statute is not vague; instead, we hold it clearly provides that the tolling provision only begins to run against an accused, not against a person unaccused of a crime when that person leaves Texas.

To hold that the word "accused" means "any person who is later accused of a crime" is to emasculate the intention of the Legislature. The Legislature did not intend to allow the State to delay prosecution until it discovered a crime. The intention of the tolling statute was to prevent those who have been charged with a crime from escaping prosecution by fleeing the state.

We note that the California Supreme Court has upheld a conviction in the face of similar challenges to its tolling statute. In *Scherling v. Superior Court of Santa Clara Cty.*, the defendant was charged with four counts of burglary nine years after the last burglary was committed. 22 Cal.3d 493, 149 Cal.Rptr. 597, 585 P.2d 219, 221 (Cal.1978). Two years after the burglaries were committed, the defendant lost his job in California and moved with his family to Idaho where he was listed in the phone book under his true name. *Id.* Nine years after the burglaries, an accomplice to the burglaries implicated the defendant. *Id.* The defendant contended the statute of limitations had run and the tolling provision did not apply to him because his absence from California did not prevent the State from bringing him to trial within the limitation period. *Id.* at 601, 585 P.2d at 223. California's tolling statute, section 803(d) of the Penal Code, applies "if the defendant is out of the state when or after the offense is committed...." The court held the state's tolling statute was constitutional and upheld the conviction. The California tolling provision clearly applies when a person becomes an accused, that is, if the defendant is out of the state when indicted or leaves the state after committing the offense. The California tolling provision is not analogous to the Texas tolling provision.[1]

In analyzing the Texas tolling provision, we must give the word "accused" its technical and particular meaning—a person formally accused of committing a crime. If the Legislature intended the tolling provision to apply to persons who were unaccused at they left Texas and were accused of a crime in their absence, the Legislature should have drafted the statute so that it was clear that the time during which "person" (not the "accused") is absent from the state is not computed in the period of limitation.

We sustain point of error one on rehearing.

Because we sustained this point, we do not need to reach the appellant's other points of error. We reverse and order the indictment dismissed.

OLIVER–PARROTT, C.J., dissenting.

1. We note that the dissent cites several other jurisdictions that have upheld tolling statutes on constitutional grounds. We do not feel those cases are analogous because we base our analysis on statutory construction.

## DISSENTING OPINION ON REHEARING ON REMAND FROM THE TEXAS COURT OF CRIMINAL APPEALS

OLIVER–PARROTT, Chief Justice.

I respectfully dissent. The word "accused" refers generically to a criminal defendant. I would find the statute of limitations was tolled once the appellant left Texas, and deny her writ of habeas corpus.

The appellant argues that the use of the term "accused" in article 12.05(a) creates a statute that is so vague that a person of common intelligence must necessarily guess at its meaning. The State contends there is no ambiguity—the word accused refers to a criminal defendant, the person who *now* stands charged by indictment or information. I believe the State is clearly correct.

The appellant is the criminal defendant and the one accused. The language of the statute refers to the person who is now the "accused." There is nothing to suggest that the accused had to be charged before leaving the state. The appellant allegedly committed a crime and left the state. We should hold the tolling statute applies once a person commits a crime and leaves the state. Although it does not appear the appellant left Texas to *avoid detection*, we should be compelled to apply the tolling statute.

I would also address the appellant's constitutional challenges and hold the tolling statute does not violate the Commerce Clause, the Privileges and Immunities Clause, the Equal Protection Clause or the Due Process Clause. Courts in other jurisdictions have upheld similar challenges to tolling statutes.

The Supreme Court of New Mexico upheld a similar challenge to the state's tolling statute in *State v. Cawley*, 110 N.M. 705, 799 P.2d 574 (1990). In *Cawley*, the defendant was charged with the rape of his 10–year–old stepdaughter, criminal sexual contact of a minor, and contributing to the delinquency of a minor, 20 years after the crime was committed. *Id.* 799 P.2d at 575–76. Sometime after the crime, the defendant moved to Texas, where he lived for 11 years. *Id.* The defendant contended the tolling statute violated his right to travel under the Equal Protection and the Privileges and Immunities clauses of the Constitution. The New Mexico court held the defendant qualified his right to travel when he left the state, and upheld the conviction. *Id.* 799 P.2d at 577.[1]

The Supreme Court of Wisconsin upheld a challenge to its tolling statute in *State v. Sher*, 149 Wis.2d 1, 437 N.W.2d 878 (1989). In *Sher*, the defendant was charged with the theft of a boat from a marina eight years after the crime was committed. *Id.* 437 N.W.2d at 880. The defendant contended the statute of limitations barred his prosecution, but the State argued that the time period was tolled when the defendant moved to Florida. *Id.* The supreme court upheld the defendant's conviction, finding the state's tolling statute did not violate the Privileges and Immunities or the Equal Protection clauses of the Constitution. *Id.* 437 N.W.2d at 881–884. The court noted that the tolling provision applied even if the defendant did not flee the state to avoid prosecution. *Id.* 437 N.W.2d at 881.[2]

A Pennsylvania superior court upheld a challenge to the state's tolling statute in *Com v. Lightman*, 339 Pa.Super. 359, 489 A.2d 200 (1985). In *Lightman*, the defendant and his company were charged with bribery and conspiracy five years after the offense occurred. *Id.* 489 A.2d at 202. The defendant contended the two-year statute of limitations barred his prosecution, but the state contended the defendant and his company's absence from the state for five years tolled the running of the statute of limitations. *Id.* 489 P.2d at

---

1. The New Mexico tolling statute in effect in *Cawley* stated that a tolling of the statute of limitations is authorized for the period a *"defendant* shall conceal himself, or shall flee from or go *out of the state."* NMSA 1953, § 40A–1–9(a) (Repl.Vol.1964), repealed by NMSA 1978 § 30–1–9(A) (Repl.Pamp.1984) (emphasis added). In its opinion, the New Mexico court did not address the meaning of the word "defendant."

2. The Wisconsin tolling statute in effect at the time *Sher* was decided read, "In computing the time limited by this section, the time during which *the actor* was not publicly a resident within this state or during which a prosecution against him for the same act was pending shall not be included." W.S.A. 939.74(3) (emphasis added).

202–203. The defendant challenged the constitutionality of the statue as violative of his right to travel under the Equal Protection and Privileges and Immunities clauses of the Constitution. *Id.* 489 P.2d at 203. The court held that if the defendant remains in the state after the commission of a crime, authorities are more likely to detect the crime, identify the defendant, and avoid extradition proceedings. *Id.* The court reasoned that this assumption justified tolling the statute of limitations for the period during which the defendant may have avoided detection by leaving the jurisdiction. *Id.* 489 P.2d at 203–204.[3]

In *Scherling v. Superior Court of Santa Clara Cty.*, 22 Cal.3d 493, 149 Cal.Rptr. 597, 585 P.2d 219, 223–24 (1978), the Supreme Court of California discussed the right to travel when someone has committed a crime.

> [T]here is clearly a distinction between one, who, like the defendant, leaves the state after committing a crime, resulting in the tolling of the statute of limitations during his absence, and one who has committed no crime but is deprived of a government benefit merely because he exercises his right to travel to another state. In the former circumstance, the state has an interest in assuring that the defendant is available locally not only to enhance the possibility of detection but also to avoid the burdens of extradition proceedings, should he be charged, his whereabouts become known, and he refuses to return voluntarily.

*Id.*

I agree with the reasoning in *Scherling.*

I would deny the writ of habeas corpus.

---

**3.** The Pennsylvania tolling statute in *Lightman* stated that the limitations period is tolled "during any time when the *accused* is continuously absent from this Commonwealth or has no rea-

sonably ascertainable place of abode or work within Commonwealth." 18 Pa.C.S. § 108(f)(1) (repealed) (emphasis added). The court did not address the meaning of the word "accused."