**The STATE of Texas, State,**

**v.**

**Jack Arthur SHASTID, aka, Arthur Jack Shastid, Appellee.**

**No. 2–95–497–CR.**

Court of Appeals of Texas, Fort Worth.

March 6, 1997.

---

Bruce Isaacks, Crim. Dist. Atty., Kathleen Walsh, Yolanda M. Joosten, Lisa Decker, Paul Johnson, Assistant District Attorneys, Denton, for State.

Jerry Cobb, Phillips and Hopkins, Denton, for Appellee.

Before CAYCE, C.J., and CHARLES F. CAMPBELL (Sitting by Assignment) and DAY, JJ.

## OPINION

### PER CURIAM.

In this pretrial writ of habeas corpus action, the State is appealing an adverse ruling by the trial court.[1] Appellee was charged by indictment, filed May 20, 1993, alleging three counts of indecency with a child and two counts of sexual assault of a child. These offenses were alleged to have occurred in 1981 and 1982. Each count of the indictment alleged that the appellee was absent from the State of Texas from May 21, 1984 until May 20, 1993. A pretrial hearing on the writ was held by the trial court on September 15, 1995. On November 17, 1995, the trial court granted appellee's writ and dismissed the indictment. The trial court did not assign a reason for the granting of appellee's writ. The State now appeals that decision. We will affirm.

In its brief to this court, the State raises seven points of error.[2] Because of our disposition of the State's first point of error, it will not be necessary for this court to reach the remaining six points of error.[3] In its

---

1. See TEX.CODE CRIM.PROC.ANN. art. 44.01(a)(1) (Vernon Supp.1997).

2. The State claims that the statute of limitations for the offenses alleged in the indictment was tolled by the appellee's absence from the state; that TEX.CODE CRIM.PROC.ANN. art. 12.05(a) (Vernon 1977) does not impose a burden on interstate commerce; that article 12.05(a) does not violate the Equal Protection Clause; that article 12.05(a) does not violate the Privileges and Immunities Clause; that article 12.05(a) is not vague and ambiguous; that article 12.05(a) does not violate the Due Process Clause, and that the uncontroverted evidence produced at the writ hearing showed that appellee became a resident of Oklahoma before the statute of limitations expired. These "points of error" are actually identical to the points raised by the State in its answer to appellee's writ of habeas corpus filed in the trial court. They have now become the State's points of error on appeal, in all probability because the trial court did not assign any single one of these seven grounds as his rationale for granting the writ.

3. Of the six remaining points of error, point of error seven deals with the sufficiency of the evidence concerning whether appellee lived in Texas during the period of limitation. Our disposition of point of error one moots any consideration of the merits of point seven. Also we do not reach the merits of points two through six, which deal with various constitutional challenges to article 12.05(a). If a party raises several points of error, some of which challenge the constitutionality of a statute, the reviewing court should first resolve the non-constitutional points,

first point of error, the State claims that the statute of limitations [4] for the offenses alleged in the indictment was tolled from May 21, 1984 until May 20, 1993, pursuant to TEX.CODE CRIM.PROC.ANN. art. 12.05(a) (Vernon 1977).[5] Appellee responds in his reply brief that he did not become an "accused" for purposes of article 12.05(a) until he was indicted on May 20, 1993—a date more than ten years beyond the commission of any of the five counts alleged in the indictment. Therefore, appellee argues, the tolling provision in article 12.05(a) never became operative and the statute of limitation [article 12.01(2)(D) ] on all five counts in the indictment has expired. We are constrained by *stare decisis* to agree with appellee's analysis.

## Standard of Review

 The burden of proof in a habeas corpus proceeding is on the petitioner (in this case, the State). *Ex parte Zavala,* 900 S.W.2d 867, 870 (Tex.App.—Corpus Christi 1995, no pet.). In reviewing the decision of the trial court, we review the findings in the light most favorable to the trial court's ruling and will uphold it absent an abuse of discretion. *Id.* Even if the trial judge assigns no reason for his decision, or assigns an erroneous reason for his decision, as long as his decision is correct on any theory of law applicable to the case, it will be sustained. *Romero v. State,* 800 S.W.2d 539, 543 (Tex.Crim. App.1990); *Pettigrew v. State,* 908 S.W.2d 563, 567 (Tex.App.—Fort Worth 1995, pet. ref'd).

## Applicable Law

 The State basically argues that as long as a person, be he "formally" a defendant or even a putative or potential defendant, leaves the State of Texas, then any applicable statute of limitation is tolled for that period of time that the person is absent from the state, citing *Ex parte Morin,* 172 Tex.Crim. 322, 356 S.W.2d 689 (1962), *cert. denied,* 372 U.S. 924, 83 S.Ct. 742, 9 L.Ed.2d 729 (1963). Just recently, the Court of Criminal Appeals addressed the question raised by point of error one in the State's brief, viz: when does a person become an "accused" as that term is used in article 12.05(a)?

In *Ex parte Matthews,* 933 S.W.2d 134 (Tex.Crim.App.1996), the defendant was indicted in 1991 for aggravated perjury, alleged to have been committed in 1981. After the alleged commission of the offense in 1981, the defendant left this state and did not return until she was indicted in 1991, well outside the statute of limitations. The Court of Criminal Appeals found:

> The prosecution was free to toll running of the statute of limitation by simply filing and pursuing preindictment whatever accusatory pleading or paper it preferred for that purpose. Having failed to do so, the prosecution allowed the applicable statute of limitation to run unabated. . . .

> Because it comports with legislative intent and purpose consistently manifested and judicially implemented since at least 1857, we hold that Article 12.05(a) operates to toll the statutory limitations period only when the citizen has been effectively accused of an offense.

*Id.* at 138.

## Application of Law to Facts

 Viewed in a light most favorable to the trial court's decision to grant the writ of habeas corpus, the record in the instant case shows that the five offenses alleged in the indictment against appellee were allegedly

---

and if relief is required, the points raising issues of the statute's constitutionality should not be addressed. *Turner v. State,* 754 S.W.2d 668, 675 (Tex.Crim.App.1988).

4. In the memoranda of law filed in the trial court and in the briefs filed in this court, there is disagreement between the parties as to which period of limitations was applicable to the 1993 indictment filed in this case (i.e., three years versus ten years). In the optimum scenario for the State, we will assume without deciding that the statute of limitations for the offenses alleged in the indictment was ten years. *See* TEX.CODE CRIM.PROC.ANN. art. 12.01(2)(D) (Vernon Supp. 1997).

5. The tolling provision in article 12.05(a) provides: "The time during which the accused is absent from the state shall not be computed in the period of limitation." TEX.CODE CRIM.PROC. ANN. art. 12.05(a).

committed in either 1981 or 1982. The record reflects that no preindictment "accusatory pleading or paper" was filed against the appellee. Indeed the criminal justice system witnesses were unable to relate, with any degree of certainty, the status or bare existence of any "case" against appellee between 1982 and 1993. The trial court found, at least implicitly, that no "case or pleading" of any sort was filed against appellee until he was indicted by a grand jury in 1993. The bulk of the testimony offered in the court below dealt with the question of the time spent by appellee in and outside the State of Texas between 1982 and 1993. That issue was basically rendered irrelevant by the decision in *Ex parte Matthews*, because no matter where the appellee lived during those eleven years, the statute of limitations was never tolled.[6] Even in the best-case scenario for the State (ten years), limitations on all five counts of the indictment expired in 1992. Therefore we find that the trial court did not abuse its discretion in granting appellee's writ. The State's first point of error is overruled; the remaining six points of error will not be reached for reasons previously enumerated.

The order of the trial court dismissing the indictment is affirmed.

---

6. In this case, we need not choose or adopt a specific time-line as suggested in Ex parte Matthews, 933 S.W.2d at 140 (Baird, J., concurring) or a pleading requirement, because there was neither an arrest warrant for nor actual physical arrest of appellee during the period of limitation.