NO. 07-10-0215-CV

 

IN THE COURT OF
APPEALS

 

FOR
THE SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL
C

 

 MAY 5, 2011



 



 

Ex parte AJMAN A. ADIL 



 



 

 FROM THE 108TH
DISTRICT COURT OF POTTER COUNTY;

 

NO. 98,039-E; HONORABLE DOUGLAS R. WOODBURN, JUDGE



 



 

Concurring
Opinion

___________________________

 

Before QUINN, C.J., and
HANCOCK and PIRTLE, JJ.

 

Given
that the standard of review is one of abused discretion, complaints regarding
the legal and factual sufficiency are not independent avenues of attack.  Instead, they are subsumed within the
question of whether the trial court abused its discretion.  In re A.C.B., 302 S.W.3d 560, 563-64 (Tex. App.–Amarillo 2009, no
pet.).  Furthermore, when the
standard of review is that which is applicable here, the appellant may seek to
reverse the trial court’s decision only for the reasons proffered to it; that
is, it cannot raise grounds which went unmentioned below.  Hailey v. State, 87 S.W.3d 118, 121-22 (Tex. Crim. App. 2002).  So, since the “sole question” the State urged
to defeat the request for expunction involved the tolling of limitations, it
cannot assert any others on appeal.  And,
finally, there is no evidence of a criminal accusation being levied against Adil since the State dismissed its indictment against her
in 2007.  In other words, there is no
evidence that she was an “accused” for purposes of article 12.05 of the Texas
Code of Criminal Procedure.  See Tex.
Code Crim. Proc. Ann. art.12.05(a) (Vernon 2005) (stating that the time during
which the accused is absent from the state shall not be computed in the period
of limitations); Ex parte Matthews, 933
S.W.2d 134, 137-38 (Tex. Crim. App. 1996) (holding that one is not an accused
unless charged with the offense and a person does not become an accused for
purposes of art. 12.05 tolling until the person has been charged with the
offense).   For these reasons, I concur with the
majority’s opinion.

 

                                                                        Brian
Quinn

                                                                        Chief
Justice