NO. 07-10-0215-CV
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL C
 
 MAY 5, 2011
--------------------------------------------------------------------------------

 
 Ex parte AJMAN A. ADIL 
--------------------------------------------------------------------------------

 
 FROM THE 108[TH] DISTRICT COURT OF POTTER COUNTY;
 
 NO. 98,039-E; HONORABLE DOUGLAS R. WOODBURN, JUDGE
--------------------------------------------------------------------------------

 Concurring Opinion
 ___________________________
 
Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Given that the standard of review is one of abused discretion, complaints regarding the legal and factual sufficiency are not independent avenues of attack. Instead, they are subsumed within the question of whether the trial court abused its discretion. In re A.C.B., 302 S.W.3d 560, 563-64 (Tex. App. - Amarillo 2009, no pet.). Furthermore, when the standard of review is that which is applicable here, the appellant may seek to reverse the trial court's decision only for the reasons proffered to it; that is, it cannot raise grounds which went unmentioned below. Hailey v. State, 87 S.W.3d 118, 121-22 (Tex. Crim. App. 2002). So, since the "sole question" the State urged to defeat the request for expunction involved the tolling of limitations, it cannot assert any others on appeal. And, finally, there is no evidence of a criminal accusation being levied against Adil since the State dismissed its indictment against her in 2007. In other words, there is no evidence that she was an "accused" for purposes of article 12.05 of the Texas Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann. art.12.05(a) (Vernon 2005) (stating that the time during which the accused is absent from the state shall not be computed in the period of limitations); Ex parte Matthews, 933 S.W.2d 134, 137-38 (Tex. Crim. App. 1996) (holding that one is not an accused unless charged with the offense and a person does not become an accused for purposes of art. 12.05 tolling until the person has been charged with the offense). For these reasons, I concur with the majority's opinion.

 Brian Quinn
 Chief Justice